## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STAN E. SZCZYGIEL,

     *Plaintiff,*

  vs.

STATE OF KANSAS, *et al.*,

     *Defendants.*

Case No. 14-CV-3011-EFM

## MEMORANDUM AND ORDER

Plaintiff Stan Szczygiel filed this suit *pro se* pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA").  Plaintiff names as Defendants the State of Kansas and the Kansas Department of Corrections ("KDOC") as well as the following Kansas officials: Ray Roberts, Secretary of Corrections, Douglas Burris, KDOC Facility Manager, Jay Shelton, Warden Norton Correctional Facility ("NCF"), Hazel Peterson, Classification Administrator NCF, and Joel Hrabe, Deputy Warden NCF.  Before the Court is Plaintiff's Motion for Leave to Amend Complaint (Doc. 45) and Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 37).  Because the Court finds that Plaintiff's proposed amendments to his complaint would not be futile, the Court grants Plaintiff's motion and denies Defendants' motion as moot.

## I.      Factual and Procedural Background[1]

Plaintiff is an inmate in the custody of the Kansas Department of Corrections at Norton Correctional Facility.  In 1998, the KDOC Mental Health Unit diagnosed Plaintiff with post-traumatic stress disorder ("PTSD"), which manifests itself as an acute form of claustrophobia. According to Plaintiff, the claustrophobia is triggered when he is housed or confined in small rooms or cells with other persons.

Plaintiff alleges that in May 2013, the KDOC Prisoner Review Board conducted a parole hearing and determined that Plaintiff was eligible for placement in KDOC's work release program.   In August 2013, NCF staff prepared and submitted a classification review on Plaintiff's behalf.  The review requested that Plaintiff's classification be changed from medium custody to minimum custody by exception so that Plaintiff could participate in the program. Plaintiff alleges that Defendant Hrabe denied this request and notified Plaintiff of the denial in September 2013.  Defendant Hrabe's cited reason for denying the request was "NCF MH issues not suitable multi-occupancy housing."[2]  Plaintiff, however, alleges that KDOC only operates open dormitory living at its work release facilities and that his claustrophobia does not apply to these facilities.  On September 20, 2013, Plaintiff appealed his classification review to Defendant Shelton, who denied the appeal on September 24, 2013.

Plaintiff filed this lawsuit *pro se* on January 13, 2014.  Plaintiff's complaint alleges that Defendants violated his Fourteenth, Eighth, and First Amendment rights as well as his rights under the ADA as a result of Defendant Hrabe's denial of his request to be classified minimum custody by exception.  Plaintiff seeks, in part, an injunction requiring Defendants to transfer

---

[1] Unless otherwise noted, the facts are taken from Plaintiff's proposed amended complaint.

[2] Proposed Amended Complaint, Doc. 45-2, p. 44.

Plaintiff to a "work release/private industry program" and compensatory damages for lost wages from September 16, 2013—the date Defendants' alleged discrimination began—to March 3, 2014—the date that Plaintiff became eligible for participation at a Wichita work release facility.[3]

On October 3, 2014, Defendants[4] filed a *Martinez* Report.  Later that month, on October 31, 2014, Defendants filed a Motion to Dismiss or in the Alternative for Summary Judgment. Plaintiff then filed a Motion for Leave to Amend Complaint.  These motions are currently before the Court.

## II.      Analysis

### A.      Plaintiff's Motion for Leave to Amend (Doc. 45)

#### 1.      Legal Standard

Parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[5]  Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave."[6]  Courts "should freely give leave when justice so requires."[7]  Fed. R. Civ. P. 15 is intended "to provide litigants

---

[3] Complaint, Doc. 1, p. 15.

[4] The Court dismissed Defendants Roberts and Burris from this action on April 2, 2014.  Therefore, any further use of the term "Defendants" does not include these individuals.

[5] Fed. R. Civ. P. 15(a)(1).

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*; *accord Forman v. Davis*, 371 U.S. 178, 182 (1962).

'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' "[8]

Courts, however, may deny leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  Whether to allow a proposed amendment, after the permissive period, addresses the sound discretion of the court.[9]  "In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."

### 2.    Plaintiff's Proposed Amendments Are Not Futile.

Plaintiff's proposed amended complaint does not differ greatly from his original complaint.  Like his amended complaint, Plaintiff asserts claims under § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights and under the ADA.[10]  Plaintiff continues to assert that Defendants violated his rights when they denied his request to be classified as minimum custody by exception thereby preventing him from participating in the work release program.  Plaintiff's proposed amended complaint does contain, however, additional statements regarding Kansas statutory law, KDOC regulations, Defendant Peterson's housing restrictions on Plaintiff, correspondence between Plaintiff and Defendant Hrabe regarding the requirements for participating in the work release program, and alleged inaccuracies in the *Martinez* Report.

---

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[9] *See Forman*, 371 U.S. at 182; *Wilkerson v. Shineski*, 606 F.3d 1256, 1268 (10th Cir. 2010); *Minter*, 451 F.3d at 1204.

[10] In his proposed amended complaint, Plaintiff asserts his ADA claim against the State of Kansas and KDOC and his § 1983 claim against Defendants Shelton, Peterson, and Hrabe in their individual capacities.

-4-

Plaintiff's proposed amended complaint also amends his requested relief in part.  Instead of asking to be placed in a private industry job, Plaintiff requests that he be allowed to participate in the work release program.

Defendants argue that the Court should deny Plaintiff leave to amend because the proposed amendments are futile.  Courts may deny leave to amend on grounds of futility, if the proposed amendment "would be subject to dismissal for any reason."[11]  The party asserting futility of the amendment has the burden to establish futility.[12]

"A proposed amendment would be futile if the amended complaint would be subject to dismissal."[13]  The Court applies the standard governing motions to dismiss under Fed R. Civ. P. 12(b)(6) to determine whether the proposed amendment is futile.[14]  That is, the complaint "must present 'enough facts to state a claim to relief that is plausible on its face.' "[15]  When deciding whether the plaintiff has stated a plausible claim, the Court accepts as true all factual allegations in the complaint and views them in the light most favorable to the plaintiff.[16]  "Conclusory statements, threadbare recitals of elements, and legal conclusions, however, are not entitled to a presumption of truth."[17]  Because Plaintiff proceeds *pro se* in this case, the Court construes his

---

[11] *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001).

[12] *Deya v. Hiawatha Hosp. Ass'n, Inc.*, 2011 WL 1698774, at *2 (D. Kan. May 4, 2011).

[13] *Little v. Portfolio Recovery Assocs., LLC*, 548 Fed. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[14] *Id.*

[15] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[16] *Id.* (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

[17] *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

pleadings liberally and applies a less stringent standard than it applies to pleadings filed by lawyers.[18]

The Court will first look at Plaintiff's ADA claim in analyzing whether Plaintiff's proposed amendments would be futile.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in, or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."[19]  A "qualified individual with a disability" is defined as:

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.[20]

To state a claim under Title II, the plaintiff must allege that:  (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, deniable of benefits, or discrimination was by reason of a disability.[21]

Defendants first assert that Plaintiff's claims for injunctive and monetary relief under the ADA cannot survive because the denial of minimum custody by exception—a requirement for participation in work release—was not due to Plaintiff's disability.  Defendants do not cite to anything within Plaintiff's proposed amended complaint or its exhibits in support of this

---

[18] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

[19] 42 U.S.C. § 12132.

[20] 42 U.S.C. § 12131(2).

[21] *Id*. (citing 42 U.S.C. § 12132).

argument.  But, in their Motion to Dismiss or in the Alternative for Summary Judgment,[22] Defendants argue that Plaintiff's denial was based on the safety and security of the facility and cite to an affidavit outside the pleadings in support of their assertion.  Because futility is governed by Rule 12(b)(6) standards, the Court cannot look to this evidence in determining whether Plaintiff has failed to state a claim under the ADA.  Defendants therefore cannot rely on this evidence, or argument, in asserting that Plaintiff's ADA claim fails.[23]

Defendants next assert that Plaintiff's ADA claim cannot survive because he does not meet the "qualified" requirement of being a "qualified individual with a disability."  According to Defendants, one of the requirements a prisoner must meet before being placed in work release is that the prisoner must be housed in a minimum security living arrangement.  Defendants argue that Plaintiff cannot meet this requirement because he was not classified as minimum custody.  This argument also fails.  The basis of Plaintiff's claim is that he was denied minimum custody by exception, and thus participation in the work release program, due to his disability.  Obviously, if Plaintiff was seeking minimum custody by exception, he did not qualify for minimum custody, including a minimum security living arrangement, prior to that date.  Defendants' argument appears to miss the point of Plaintiff's claim and does not satisfy their burden of showing futility.

Turning to Plaintiff's proposed amended complaint, the Court finds that Plaintiff has adequately stated a claim under Title II of the ADA.  Plaintiff alleges that he suffers from PTSD,

[22] In their response to Plaintiff's Motion for Leave to Amend, Defendants argue that Plaintiff's proposed amendments are futile for the same reasons that Plaintiff's complaint is subject to dismissal or grant of summary judgment as set forth in their Motion to Dismiss or in the Alternative for Summary Judgment.

[23] The Court notes that although Defendants' argument does not warrant the Court's denial of Plaintiff's Motion to Amend, it will be difficult for Plaintiff to overcome this argument should Defendants assert it in a subsequent motion for summary judgment.

which manifests itself as claustrophobia, and that his claustrophobia does not prevent him from being housed in open dormitory living units like those found at KDOC's work release facilities. He also asserts that Defendant Hrabe denied him status as minimum custody by exception and thus prevented him from being allowed to participate in the work release program. And finally, he alleges that Defendant Hrabe denied his participation and issued a written directive stating that he would never approve Plaintiff's participation in the work release program because of Plaintiff's PTSD. These allegations meet the three requirements for pleading a claim under the ADA. Therefore, the Court finds that Plaintiff has met his burden at this stage of the litigation, and his proposed amendments are not futile.

Because the Court finds that Plaintiff has stated a claim under the ADA, it declines to address whether his proposed amendments would be futile in regard to his § 1983 claims. The Court grants Plaintiff's Motion to Amend. Plaintiff has fourteen days from the date of this Order to file his amended complaint.

**B.    Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 37)**

Before Plaintiff filed his Motion for Leave to Amend, Defendants filed a Motion to Dismiss or in the Alternative for Summary Judgment, asking the Court to dismiss Plaintiff's claims or grant summary judgment in their favor. This motion is based on Plaintiff's original complaint. Because the Court is granting Plaintiff's request for leave to amend his complaint, the Court denies Defendants' Motion to Dismiss or in the Alternative for Summary Judgment as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 45) is **GRANTED**.  Plaintiff has fourteen days from the date of this Order, or until February 26, 2015, to file his amended complaint.

**IT IS ALSO ORDERED** that Defendants' Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 37) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 12th day of February, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE