## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

STAN E. SZCZYGIEL,

       *Plaintiff,*

  vs.                             Case No. 14-CV-3011-EFM

STATE OF KANSAS, *et al.*,

       *Defendants.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Stan Szczygiel's Motion for Writ of Mandamus (Doc. 64). Plaintiff asks the Court to issue a writ of mandamus to compel U.S. Attorney for the District of Kansas Barry Grissom to commence and conduct an investigation into possible criminal acts committed by Defendants in this action. For the following reasons, the Court denies Plaintiff's motion.

### I.  Factual and Procedural Background

Plaintiff is an inmate in the custody of the Kansas Department of Corrections ("KDOC") at Norton Correctional Facility ("NCF"). On January 13, 2014, Plaintiff filed this suit *pro se* against Defendants the State of Kansas and KDOC, as well as the following Kansas officials: Ray Roberts, Secretary of Corrections; Douglas Burris, KDOC Facility Manager; Jay Shelton,

Warden NCF; Hazel Peterson, Classification Administrator NCF; and Joel Hrabe, Deputy Warden NCF.  On February 12, 2015, Plaintiff filed an Amended Complaint.

Highly summarized, Plaintiff's Amended Complaint alleges as follows: In 1998, the KDOC Mental Health Unit diagnosed Plaintiff with post-traumatic stress disorder, which manifests itself as an acute form of claustrophobia.  In May 2013, the KDOC Prisoner Review Board conducted a parole hearing and determined that Plaintiff was eligible for placement in KDOC's work release program.   In August 2013, NCF staff prepared and submitted a classification review on Plaintiff's behalf, requesting that Plaintiff be classified as minimum custody by exception so that he could participate in the work release program.  Defendant Hrabe, Deputy Warden at NCF, denied the request, citing Plaintiff's mental health issues.  Plaintiff alleges that Defendants violated his Fourteenth, Eighth, and First Amendment rights, as well as his rights under the ADA as a result of Defendant Hrabe's denial of his minimum custody request.

Three days after he filed his Amended Complaint, Plaintiff filed a Motion for Writ of Mandamus.  Defendants did not respond to Plaintiff's motion.  Therefore, it is ripe for the Court's decision.

## II.     Analysis

Under 28 U.S.C. § 1361, the district court "shall have jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Mandamus, however, "is an extraordinary remedy that is granted only in the exercise of sound discretion."[1]  "To grant mandamus relief, the court must

---

[1] *Miller v. French*, 530 U.S. 327, 339 (2000); *Allied Chem. Corp. v. Daiflon, Inc*., 449 U.S. 33, 34 (1980) (per curiam) ("the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations").

find: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available."[2] A plaintiff seeking a writ of mandamus must be able to show by clear and indisputable evidence that the writ should issue.[3]

Plaintiff asks the Court to issue a writ of mandamus compelling U.S. Attorney for the District of Kansas Barry Grissom to conduct an investigation into possible criminal acts relevant to this suit. Plaintiff argues that the documents on file with the Court and in Defendants' possession establish the following criminal acts: (1) false declaration before a grand jury; (2) perjury; (3) subordination of perjury; (4) fraud upon the court; (5) deprivation of civil rights under color of state law; and (6) conspiracy against civil rights. In support of his argument, Plaintiff incorporates by reference his response to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment, which the Court previously denied as moot. Plaintiff also asks the Court to take judicial notice of nine documents, which the Court presumes Plaintiff offers in support of his motion.

The Court finds that Plaintiff has in no way met his burden for mandamus relief. Plaintiff has not (1) identified a clear right to relief, (2) identified a plainly defined and preemptory duty on United States Attorney Grissom's part to conduct an investigation, or (3) shown that no other adequate remedy is available. Plaintiff's motion simply avers, with no analysis, that the Court should grant mandamus relief. Furthermore, his response to Plaintiff's Motion to Dismiss or in the Alternative Motion for Summary Judgment focuses only on the claims in his complaint.

---

[2] *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

[3] *Mallard v. United States*, 490 U.S. 296, 309 (1989).

The Court also declines to take judicial notice of the nine documents set forth in Plaintiff's motion.  Even if the Court did take judicial notice of these documents, such notice is not helpful to Plaintiff because "notice of court records generally is limited to establishing the existence of a document or an official act, not the truth of the facts stated therein."[4]  Besides, Plaintiff has not explained or shown how these documents support his motion.  Simply citing them is not enough to meet the high burden required for the Court to issue a writ of mandamus. Plaintiff's motion is therefore denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Writ of Mandamus (Doc. 64) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 27th day of April, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[4] *Benson v. Bryan*, 2014 WL 6609375, at *1 n.1 (D. Kan. Nov. 20, 2014) (citing *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1219 n.2 (10th Cir. 2011)).